## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 11-20051-01-KHV** |
| RIGOBERTO SOTO-ARREOLA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on various motions related to defendant's <u>Motion To Vacate,</u> <u>Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255</u> (Doc. #30) filed November 19, 2012.

**I.    Motion To Reconsider And Motion To Extend Time (Doc. #35)**

On December 5, 2012, the Court sustained in part defendant's request for certain documents, but overruled his request for a copy of the transcripts of sentencing and change of plea hearings. <u>See</u> <u>Order</u> (Doc. #34) at 2-3.  Defendant states that he needs the transcripts to help prepare the memorandum and affidavit in support of his Section 2255 motion.  Doc. #35 at 3-6.  Because the court reporter prepared a transcript of sentencing for defendant's direct appeal and a transcript of the change of plea hearing may be helpful in evaluating defendant's claim that he did not voluntarily and knowingly enter his plea, the Court sustains defendant's motion.  <u>See</u> 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require).  The Clerk shall send defendant a copy of the <u>Transcript Of Sentencing</u> (Doc. #25).  In addition, within five days after the court reporter files the transcript of the change of plea hearing, the Clerk shall send defendant a copy of the transcript.

Defendant seeks an extension of time so that he may review the transcripts in preparing his memorandum and affidavit in support of his Section 2255 motion. The Court grants defendant's request. On or before June 15, 2015, defendant may file a memorandum and affidavit in support of his <u>Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255</u> (Doc. #30).[1] On or before July 15, 2015, the government shall file a response to defendant's motion. On or before August 24, 2015, defendant may file a reply brief.

**II.       Motion For Copies (Doc. #36)**

Defendant seeks a copy of his Section 2255 motion because he no longer has one. The Court sustains defendant's request and directs the Clerk to send defendant a copy of the docket sheet and defendant's <u>Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255</u> (Doc. #30).

**III.      Motions To Amend Section 2255 Motion (Doc. ##36 and 37)**

Defendant asks to supplement his Section 2255 motion to add new claims. <u>See</u> Doc. #36 at 1-2; Doc. #37 at 1-2. Defendant apparently seeks to add claims that counsel was ineffective because (1) he waived a detention hearing, (2) he did not advise defendant about the risk of deportation arising from a guilty plea and (3) he did not object to certain information in the presentence investigation report.[2] <u>See</u> Doc. #36 at 1-2; Doc. #37 at 1-2.

---

[1]       In his Section 2255 motion, defendant asserts a single claim that counsel was ineffective because he induced defendant to enter a plea which was involuntary and unknowing. Defendant shall limit his memorandum and affidavit to that claim.

[2]       On the third claim, alleging errors in the presentence investigation report, defendant asks the Court to consider his claim under Rule 36, Fed. R. Crim. P. <u>See</u> Doc. #37 at 1. Under Rule 36, the Court may "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

(continued...)

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[3] Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period has expired. United States v. Ohiri, 133 F. App'x 555, 559 (10th Cir. 2005). Here, defendant filed his motion to amend

---

[2](...continued)

After defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for challenging his sentence is under Section 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); United States v. O'Bryant, 162 F.3d 1175, 1998 WL 704673, at *2 (10th Cir. Oct. 2, 1998); see Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002). Rule 36 does not permit the Court to recalculate defendant's criminal history and modify his sentence. See United States v. Kieffer, No. 13-1371, 2014 WL 7238565, at *6 (10th Cir. Dec. 22, 2014) (Rule 36 does not apply to judicial errors arising from oversight or omissions by court); United States v. Blackwell, 81 F.3d 945, 949 (10th Cir. 1996) (Rule 36 does not authorize substantive sentencing modifications); see also United States v. Penna, 319 F.3d 509, 513 (9th Cir. 2003) (Rule 36 may not be used to correct judicial errors in sentencing). Accordingly, the Court evaluates defendant's third claim solely as a potential amendment to his motion under 28 U.S.C. § 2255.

[3]     The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

after the one-year deadline.[4]  An untimely amendment to a Section 2255 motion may relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or insert a new theory.  United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Here, the Court denies leave to amend because defendant seeks to insert new theories which are not part of the single claim in his original motion.  See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255).[5]

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Of Denial Of Motion For Copies Of Change Of Plea And Sentencing Hearing Transcripts And Motion For Expansion Of Time To Submit Memorandum And Sworn Affidavit In Support Of Motion Pursuant To 28 U.S.C. § 2255 (Doc. #35) filed February 20, 2013 be and hereby is **SUSTAINED.  The Court directs the Clerk to send defendant a copy of the Transcript Of Sentencing (Doc. #25). In addition, within five days after the court reporter files the transcript of the change of plea hearing, the Clerk shall send defendant a copy of that transcript.  On or before June 15, 2015,**

---

[4]        When defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court ruling.  Clay v. United States, 537 U.S. 522, 524-25 (2003).  Here, the Tenth Circuit issued its mandate on October 5, 2012.  The deadline to file a petition for certiorari expired on or about December 13, 2012, i.e. 69 days after the appellate court issued its mandate.  See id.  Therefore defendant had until December 13, 2013 to file a motion to vacate under Section 2255.  Defendant has not shown that his proposed supplemental claims were tolled under Section 2255(f)(3), which extends the filing deadline for claims based on a right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

[5]        The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period.  See id.

defendant may file a memorandum and affidavit in support of his **Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (Doc. #30).** On or before July 15, 2015, the government shall file a response to defendant's motion. On or before August 24, 2015, defendant may file a reply brief.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #36) filed February 13, 2015, which the Court construes as a motion for copies and to amend his Section 2255 motion, be and hereby is **SUSTAINED in part. The Court sustains defendant's request for copies. The Court directs the Clerk to send defendant a copy of the docket sheet and defendant's Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (Doc. #30). The Court overrules defendant's request to amend his Section 2255 motion.**

**IT IS FURTHER ORDERED** that defendant's Motion Pursuant To Rule 36 (Doc. #37) filed February 23, 2015, which the Court construes as a motion to amend his Section 2255 motion, be and hereby is **OVERRULED**.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge