# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| | ) | **No. 11-20051-01-KHV** |
| **v.** | ) | |
| | ) | **CIVIL ACTION** |
| **RIGOBERTO SOTO-ARREOLA,** | ) | **No. 12-2738-KHV** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 23, 2011, defendant pled guilty to one count of aggravated reentry by a deported

alien in violation of 8 U.S.C. § 1326(a), (b). On November 15, 2011, the Court sentenced defendant

to 120 months in prison. This matter is before the Court on defendant's <u>Motion To Vacate, Set</u>

<u>Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255</u> (Doc.

#30) filed November 19, 2012. For reasons stated below, the Court overrules defendant's motion

and denies a certificate of appealability.

## Factual Background

On direct appeal, the Tenth Circuit summarized defendant's criminal history as follows:

> Although Mr. Soto-Arreola is now in his mid-twenties, his brushes with the
> law began much earlier. According to his PSR, he was the subject of eight separate
> juvenile adjudications in Kansas state and municipal courts. At age fourteen, he was
> charged with interference with city officers and driving without a license and was
> assessed monetary fines. At fifteen, he was found guilty of criminal damage to
> property and theft and was placed on twelve months' probation for each offense. He
> was also fined for several traffic violations. At sixteen, he was charged with criminal
> damage to property and placed on Juvenile Intensive Supervised Probation for
> twenty-four months. At seventeen, he was fined for numerous traffic violations and
> also received an unknown sentence for a charge of disorderly conduct.
>
> When Mr. Soto-Arreola turned eighteen, his criminal behavior continued and
> intensified. According to the PSR, he was twice cited for transporting an open
> container of alcohol, once while a passenger in a stolen vehicle. He was also

convicted of possession of methamphetamine and obstructing the legal process. For the former offense, he was sentenced to fifteen months' imprisonment; for the latter, eight months' imprisonment followed by twelve months of supervised release. The two sentences were set to run concurrently, though Mr. Soto-Arreola was granted eighteen months' probation for each offense. He failed to report for bond supervision, however. Consequently, his probation was revoked, and he was ordered to serve his original sentences.

At age twenty, Mr. Soto-Arreola was convicted of aggravated battery for shooting an individual in the arm. Although sentenced to twelve months' imprisonment, he was paroled to a detainer in August 2010, charged by United States Immigration and Customs Enforcement with entry without inspection, and deported to Mexico in September 2010. He returned to the United States without authorization sometime thereafter. In March 2011, at age twenty-three, he pleaded no contest in state court to a charge of obstructing the legal process and received a deferred sentence.

Order And Judgment (Doc. #29) at 2-3.

On July 1, 2011, a grand jury returned an indictment which charged defendant with reentry by a deported alien after an aggravated felony conviction in violation of 8 U.S.C. § 1326. On August 23, 2011, defendant pled guilty. Defendant's total offense level was 21, with a criminal history category V, resulting in a guideline range of 70 to 87 months in prison. Defendant proposed a sentence at the low end of the guideline range while the government recommended a sentence in the guideline range. On November 15, 2011, the Court sentenced defendant to 120 months in prison. In varying upward from the guideline range, the Court found as follows:

Just so you know, this defendant has a very lengthy criminal history. He has a drug felony. He's got another violent felony. He apparently is a gang member. He's got past revocations of supervision. He has a history of substance abuse. It looks to me like he's at a high risk to recidivate and probably a sentence of higher than the guideline range is appropriate. So in addressing what you think the sentence should be, please address those concerns. * * *

When I look at the presentence report here, it looks like you have total contempt for American law. You have been in trouble since you were 14. . . . So it's been nonstop for the last nine years with no evidence of any willingness or ability to lawfully support yourself or your family. You committed this crime while you

-2-

were on parole.  As I said before, it looks to me that you're a great danger to society because of your lengthy criminal history, your violent background, your drug-related felony, your gang affiliations; and so even though the custody range is 70 to 87 months, the sentence I'm proposing is 120 months.  The custody sentence under the statute is up to 20 years, and this is right in the middle of that.  That would be followed by three years of supervised release with all of the conditions there as outlined in Part D of the presentence report.  * * *

I believe that a longer sentence is appropriate, and when I look at all the factors under Section 3553(a), I am underscoring the seriousness of his criminal history, the need to provide protection to the public from further crimes by this defendant, and the fact that I believe he's at an extremely high risk to recidivate because of his gang membership and the history of pretty much unrelenting criminal activity since a very young age, at 14.

Transcript Of Sentencing Proceedings (Doc. #25) at 3, 12-15.

In commenting on the proposed sentence, government counsel stated as follows:

Your Honor, not to put words in the court's mouth, but from what I have heard, it sounds like the nature and circumstances of the offense as well as the history and characteristics of the defendant, particularly the lack of employment, the gang membership, the long-time criminal history – the presentence report, beginning at Paragraph 24 details all of his criminal history, and that continues until Paragraph 37, with each of those being separate convictions. Then Paragraphs 41 through 47 are additional incidents of contact that the defendant had with law enforcement where either charges were not pursued or charges were dismissed, with one of those being an entry without inspection in August of 2010, and he was then deported in September of 2010, which would have been an offense similar to this offense, and then based upon the type of criminal history and the crimes of which he's been convicted, as well as the various revocations and committing this offense while on supervision, it appears as though there needs to be extra attention paid to afford adequate deterrence to criminal conduct and to protect the public from further crimes of this defendant based upon the types of convictions that he's had.

Id. at 15-16.

Shortly before pronouncing sentence, the Court stated as follows:

Also his drug use, I think, makes him at a higher risk of recidivism, but yes, I agree with what you just said; and, I mean, it's obvious to me that much of this defendant's prior criminal history and his contacts with law enforcement are not scored in any way in the guideline calculations.  * * *

So the court finds that the presentence report is accurate and orders that those findings be incorporated in this sentence for the record. I do agree with Mr. Rask's summary of the factors which the court has considered with regard to the defendant's personal history and characteristics.

Id. at 16-17.

Defendant appealed.  On July 12, 2012, the Tenth Circuit affirmed.  See Order And Judgment (Doc. #29). Michael Harris, a former Assistant Federal Public Defender, represented defendant throughout the plea proceeding and trial.  Kirk Redmond, an Assistant Federal Public Defender represented defendant on appeal.

On November 19, 2012, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255.  Liberally construed, defendant's Section 2255 motion asserts a claim that Harris provided ineffective assistance because he induced defendant to enter a plea which was involuntary and unknowing.  In particular, defendant alleges that during plea negotiations, Harris provided ineffective assistance because (1) he promised defendant that the Court would follow the government recommendation and not impose a sentence greater than the high end of the guideline range of 70 to 87 months and (2) he threatened to withdraw from the case if defendant did not plead guilty.  Motion Under 28 U.S.C. § 2255 (Doc. #30) at 8.[1]

**Analysis**

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880

---

[1]        Defendant's original motion asserts that counsel promised him a "capped sentence" of two years.  See Motion Under 28 U.S.C. § 2255 (Doc. #30) at 8-9.  In defendant's subsequent memoranda in support of his motion, defendant asserts that the cap was 87 months, the high end of the guideline range.  See Memorandum Of Law (Doc. #40) at 3.

F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness."  United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).

## I.    Counsel's Advice During Plea Negotiations

Defendant argues that during plea negotiations, Harris provided ineffective assistance because (1) he promised defendant that the Court would follow the government recommendation and not impose a sentence greater than the high end of the guideline range of 70 to 87 months and (2) he threatened to withdraw from the case if defendant did not plead guilty.

### A.    Promise Of Guideline Sentence

Defendant argues that Harris provided ineffective assistance because he advised defendant that the Court would follow the government recommendation and not impose a sentence greater than the high end of the guideline range of 70 to 87 months in prison.  Defendant's assertion that counsel

made such a prediction is conclusively refuted by the record.  At the change of plea hearing, defendant acknowledged that counsel's estimate of 70 to 87 months was an educated guess about future events and that in any event, the Court would consider a number of factors before deciding whether to sentence defendant within the guideline range or to accept the recommendation of either party.  See Transcript: Change Of Plea (Doc. #39) at 17-22.  Defendant also acknowledged that until the presentence investigation process was complete, no one was in a position to tell him for certain what kind of sentence that he would be looking at under the guidelines.  See id. at 16-17.  Defendant fully understood that counsel had not guaranteed that he would receive a guideline sentence.  See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #13) filed August 23, 2011 at 3 (sentence solely within control of judge who could impose sentence outside guideline range based on number of factors); id. at 5 (no one made any promises to him other than those noted in petition).[2]

Even if Harris had told defendant that the Court would likely impose a sentence in the guideline range, such advice was not deficient.  Defendant received a sentence of 120 months in prison, which was 33 months higher than the high end of the guideline range announced by counsel (70 to 87 months) and 120 months lower than the statutory maximum of 240 months.  At the change

---

[2]       In the plea petition, defendant also acknowledged as follows:

I declare that no officer or agent of any branch of government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if I plead "GUILTY," except as follows:

My attorney did discuss how the Sentencing Guidelines may apply in my case.

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

Id. at 3.

of plea hearing, counsel informed the Court that based on several factors, he expected the guidelines to come out "in the neighborhood of 70 to 87 months." Transcript: Change Of Plea (Doc. #39) at 15. Even so, defendant fully understood that he was subject to a *statutory* maximum sentence of 20 years in prison, that counsel's predictions and assumptions of a lesser sentence could be wrong and that any such errors could have a huge impact on his sentence. See id. at 7, 17-18; Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #13) at 2. A large part of the Court's standard plea colloquy assumes that counsel will sometimes fail to correctly predict a defendant's sentence. Defendants sometimes receive less time than counsel predict, sometimes more. An attorney miscalculation or erroneous sentence estimate by itself does not establish constitutionally deficient performance. United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993); see United States v. Melcher, No. 10-504, 2010 WL 1971913, at *2 (10th Cir. May 18, 2010) (performance not deficient; prediction of 200 months, sentence of life in prison); United States v. Harrison, No. 09-7113, 2010 WL 1225617, at *4 (10th Cir. Mar. 31, 2010) (same; prediction of 37 months, sentence of 70 months); see also United States v. Herrera, 289 F. App'x 302, 304-05 (10th Cir. 2008) (erroneous estimate not deficient where defendant recognized that he faced potential life sentence and plea agreement stated that final sentence was solely in court's discretion). Accordingly, counsel's advice – including any prediction that defendant's sentence would be within the guideline range of 70 to 87 months or that the Court would follow any government recommendation – was not deficient.

Defendant also has not alleged sufficient facts to show that counsel's alleged advice was prejudicial. At the change of plea hearing, defendant acknowledged that his plea was free and

voluntary and that no one had forced or threatened him to enter it.[3]  An erroneous sentence estimate by counsel does not render a plea involuntary.  See United States v. Bridges, 68 F. App'x 896, 900 (10th Cir. 2003) (plea voluntary; prediction of no more than 60 months, sentence of 175 months); Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (plea voluntary; prediction of 25 years, sentence of 100 years); see also Fields v. Gibson, 277 F.3d 1203, 1213-14 (10th Cir. 2002) (plea voluntary when attorney advised defendant that plea would lessen chance of death penalty and court nevertheless imposed death penalty); Braun v. Ward, 190 F.3d 1181, 1189 (10th Cir. 1999) (plea voluntary because defendant took chances by relying on attorney's good-faith advice and no evidence of guarantees or promises); Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975) (plea not involuntary merely because prediction that guilty plea would result in light sentence did not come true).  After being informed about the statutory maximum and the fact that counsel's prediction could be wrong, defendant pled guilty.  An erroneous sentencing prediction is not prejudicial where the Court has conducted an adequate Rule 11 colloquy.  See United States v. Kutilek, 260 F. App'x 139, 147 (10th Cir. 2008) (no prejudice from attorney miscalculation in light of judge's statements at plea

---

[3]      The Supreme Court has noted that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.  That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing."  McMann v. Richardson, 397 U.S. 759, 770 (1970); see also United States v. Broce, 488 U.S. 563, 572 (1989) (possibility that plea might have been influenced by erroneous assessment of sentencing consequences did not render plea invalid); Brady v. United States, 397 U.S. 742, 757 (1970) (absent misrepresentation or other impermissible conduct by state agents, voluntary plea of guilty intelligently made in light of then applicable law does not become vulnerable because later judicial decisions indicate that plea rested on faulty premise).  In his plea petition and at the plea colloquy, defendant acknowledged that he was subject to a statutory maximum sentence of 20 years in prison.  At the plea colloquy, defendant stated that he understood that counsel did not know for certain about a number of variables, that counsel could not tell him for certain what his exact sentence would be, that counsel might be wrong and that if his predictions and assumptions were wrong, it could have a dramatic impact on his sentence.

hearing); United States v. Hamilton, 510 F.3d 1209, 1216 (10th Cir. 2007) (same); United States v. Shedrick, 493 F.3d 292, 299-300 (3d Cir. 2007) (same); Gordon, 4 F.3d at 1571 (same); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (same); United States v. Cruce, No. 97-3167-DES, 1997 WL 557382, at *2 (D. Kan. Aug. 14, 1997) (same; prediction of 36-47 months, sentence of 168 months); United States v. Marsh, 733 F. Supp. 90, 93 (D. Kan. 1990) (same; prediction of three years, sentence of nine years). In addition, defendant has not shown that in light of the evidence against him and the benefits of pleading guilty, a decision to proceed to trial would have been rational under the circumstances. Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Accordingly, defendant was not prejudiced by counsel's alleged prediction of the length of his sentence.

### B.   Threat To Withdraw Absent A Guilty Plea

Defendant argues that Harris provided ineffective assistance because he threatened to withdraw from the case if defendant did not plead guilty. Defendant essentially alleges that his plea was coerced. In his written plea petition and the plea colloquy, however, defendant affirmed under oath that he had discussed his plea with counsel, that his plea was free and voluntary, that no one had forced or threatened him to enter it, that no promises were made to induce him to plead guilty, that he was fully satisfied with the advice and representation of counsel and that the only reason he was making a plea was that he was in fact guilty as charged. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

Defendant's conclusory statement that Harris threatened to withdraw as counsel if defendant did not plead guilty is insufficient to establish that counsel's performance was deficient. Even if counsel had somehow threatened or coerced defendant to plead guilty, defendant has not alleged sufficient facts for the Court to find a reasonable probability that but for counsel's alleged conduct, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 F. App'x 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11.

**II.      Proposed Amended Claims Of Ineffective Assistance Of Counsel**

On April 27, 2015, the Court overruled defendant's request to add new claims that counsel provided ineffective assistance because (1) he waived a detention hearing, (2) he did not advise defendant about the risk of deportation arising from a guilty plea and (3) he did not object to certain information in the presentence investigation report. See Memorandum And Order (Doc. #38) at 2-4. In the same order, the Court granted defendant leave to file a supplemental memorandum and affidavit which was limited to his original claim that Harris provided ineffective assistance of counsel in inducing him to enter a plea. See id. at 2 n.1. In his supplemental memorandum and affidavit, defendant asserts claims that Harris provided ineffective assistance because (1) he did not secure a plea agreement, Memorandum Of Law (Doc. #40) at 5, 7, 12; (2) he led defendant to believe that the plea petition was a plea "agreement," id. at 3, 7, 9; (3) he did not consider any options other than having defendant plead guilty, id. at 5, 8; (4) he did not investigate a potential viable defense that defendant did not know that he had been deported, id. at 4, 8-12; (5) he did not explain that his pending Kansas case would count as a "conviction" in calculating defendant's criminal history score, id. at 2, 4-5, 9-10; (6) he did not advise defendant that the Court likely would depart upward from the guideline range, id. at 9; (7) he did not object that defendant's pending Kansas case should not be included in calculating the appropriate guideline range, id. at 2, 4, 6-7,

12-13; (8) at sentencing, he did not argue in mitigation that defendant did not know that he had been "deported," id. at 5, 13; (9) he did not establish that an upward departure was inappropriate, id. at 5, 10, 12; (10) he breached the duty of loyalty and various other general duties to defendant, id. at 6-7; and (11) he had a conflict of interest because he acted in total deference to the government, id. at 6.[4]

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[5] Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period has expired. United States v. Ohiri, 133 F. App'x 555, 559 (10th Cir. 2005). Here, defendant filed his motion to amend after the one-year deadline.[6] An untimely amendment to a Section 2255 motion may relate back to

---

[4] Defendant also raised additional arguments in his memorandum related to his initial claim that counsel induced defendant to enter a plea which was involuntary and unknowing based on (1) the promise that the Court would impose a sentence within the guideline range and (2) a threat to withdraw from the case if defendant did not enter a plea.

[5] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[6] When defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court ruling. Clay v.
(continued...)

the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or insert a new theory.  United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Here, the Court denies leave to amend because defendant seeks to insert new theories which are not part of the claim in his original motion related to counsel's advice related to entering a plea of guilty.  See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255).[7]

Defendant's proposed 11 claims also appear to lack substantive merit.  Defendant argues that Harris provided ineffective assistance because he did not secure a plea agreement and led defendant to believe that the plea petition was a plea "agreement" (Proposed Claims 1 and 2).  Defendant's claims are refuted by the plea petition and change of plea colloquy which establish that defendant voluntarily chose to proceed without an agreement and he understood that the government was not required to recommend anything under the plea petition.  The record also reflects that based on defendant's prior criminal cases, he was well aware of his rights and the various options in a

---

[6](...continued)

United States, 537 U.S. 522, 524-25 (2003).  Here, the Tenth Circuit issued its mandate on October 5, 2012.  The deadline to file a petition for certiorari expired on or about December 13, 2012, i.e. 69 days after the appellate court issued its mandate.  See id.  Therefore defendant had until December 13, 2013 to file a motion to vacate under Section 2255.  Defendant has not shown that his proposed supplemental claims were tolled under Section 2255(f)(3), which extends the filing deadline for claims based on a right which "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

[7]       The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period.  See id.

criminal proceeding.[8]  Moreover, at the change of plea hearing, Harris announced that defendant was

entering an open plea without an agreement.  See Transcript: Change Of Plea (Doc. #39) at 2.  Harris

explained that the government had proposed a plea agreement, but after defendant understood what

he would be giving up in exchange for what the government was willing to recommend, defendant

elected to plead without an agreement.  See id.  Even if the Court looked beyond the plea colloquy,

defendant has not shown that the terms of a standard plea agreement would have benefitted him

beyond what he already obtained by pleading guilty without an agreement.  A decision to advise a

defendant to enter a plea without an agreement is not professionally unreasonable.  Even without

an agreement, defendant received a couple of the routine benefits commonly associated with an

agreement: a third level decrease in offense level for early acceptance of responsibility and a

government recommendation of a guideline sentence.  While defendant arguably might have been

able to obtain a government agreement to recommend a sentence at the low end of the guideline

range, it appears that such an agreement would not have been useful in this case as the Court rejected

the government's recommendation of a sentence within the guideline range in light of the various

sentencing factors.  The absence of a plea agreement had no material effect on the Court's decision

to impose a sentence of 120 months in prison.  The Court also notes that by not entering a plea

agreement, defendant retained his right to appeal, which he exercised.  Defendant has not alleged

sufficient facts to establish that counsel's alleged failure to secure a plea agreement or explain that

the plea petition was not an agreement was deficient or prejudicial.

   Defendant asserts that Harris did not consider any options other than having defendant plead

---

[8]      For example, at sentencing, Harris attempted to argue in mitigation that defendant's prior counsel had talked him into pleading guilty to a state offense which led to a sentencing enhancement in this case, but that defendant maintained his innocence of that charge.  Transcript Of Sentencing Proceedings (Doc. #25) at 4.

guilty and did not investigate a potential viable defense that defendant did not know that he had been deported (Proposed Claims 3 and 4). Defendant's allegations are highly suspect given that at the change of plea hearing and in the plea petition, defendant acknowledged that he had discussed the various options with counsel and he wanted to plead guilty because he in fact was guilty. In addition, Harris argued at sentencing that defendant was not specifically advised in earlier proceedings that he would be "deported" and that because of his prior conviction, he would be facing a much higher penalty on reentry. Transcript Of Sentencing Proceedings (Doc. #25) at 4-5. On questioning from the Court, Harris acknowledged that defendant knew that he was not supposed to come back to the United States, but he did not know that the penalty for doing so would be so much higher because of his prior conviction. Id. at 6. In light of counsel's comments at sentencing and defendant's plea of guilty, defendant has not shown that he had a potentially viable defense to the charge in this case.[9] Even if the Court assumes that counsel's performance was somehow deficient in this regard, defendant has not alleged sufficient facts to establish prejudice, i.e. if counsel had investigated other options and defenses, he would have proceeded to trial. In particular, defendant has not shown that in light of the evidence against him and the benefits of pleading guilty, a decision to proceed to trial would have been rational under the circumstances. Padilla, 559 U.S. at 372.

Defendant claims that Harris failed to disclose during plea discussions that the pending Kansas case would count as a "conviction," and advise defendant that the Court likely would depart upward from the guideline range (Proposed Claims 5 and 6). Both of these claims essentially allege that counsel did not accurately predict defendant's sentence. For reasons stated above in relation

---

[9]       At the change of plea hearing, defendant admitted that he realized at the time that what he was doing was a violation of the law. Transcript: Change Of Plea (Doc. #39) at 26.

to defendant's claim that counsel guaranteed a particular guideline range, the Court finds that counsel's performance in predicting defendant's sentence was not deficient or prejudicial.

Defendant argues that Harris provided ineffective assistance at sentencing because he did not object that the Court improperly assessed one criminal history point for defendant's pending case for obstructing legal process (Proposed Claim 7). On June 16, 2011, in Shawnee County, Kansas District Court, defendant pled no contest to a charge of obstructing legal process. See Presentence Investigation Report (Doc. #14) ¶ 37. The Shawnee County court deferred sentencing. See id. Section 4A1.2(a)(4) of the Sentencing Guidelines provides that where a defendant has been convicted of an offense, but not yet sentenced, such conviction shall be counted as if it constituted a prior sentence if a sentence resulting from that conviction otherwise would be countable. See U.S.S.G. § 4A1.2(a)(4). In light of the guidelines, the Court would have overruled defendant's proposed objection. Accordingly, counsel's failure to object on these grounds was not deficient or prejudicial.

Defendant next argues that Harris provided ineffective assistance at sentencing because he did not argue in mitigation that defendant did not know that he had been "deported" (Proposed Claim 8). Counsel did argue that the Court should impose a reduced sentence because defendant did not know the impact of his prior conviction on the potential penalty for reentry into the United States. Counsel's presentation of the argument related to defendant's knowledge of the potential penalty for the offense was within the wide range of reasonable professional assistance. In addition, defendant has not shown a reasonable probability that if counsel had presented his argument differently, the result of the sentencing likely would have been different.

Defendant also argues that Harris provided ineffective assistance at sentencing because he did not establish that an upward departure was inappropriate (Proposed Claim 9). At sentencing,

Harris objected to a proposed sentence of 120 months or "any departure or variance upward from the guideline range."   Transcript Of Sentencing Proceedings (Doc. #25) at 15.  Harris argued that "the primary reasons the Court is using to justify a sentence above the guideline range are all completely accounted for with respect to the offense level calculation in this case in the first place and the criminal history calculation in the second place.  Id. at 15.  Counsel's performance was within the wide range of reasonable professional assistance.  Despite counsel's reasoned argument, the Court rejected it and found that defendant should receive a longer sentence in order to satisfy the sentencing factors under 18 U.S.C. § 3553(a).  Id. at 16.  In particular, the Court noted the seriousness of defendant's criminal history, the need to provide protection to the public from further crimes by defendant, and the fact that defendant is at an extremely high risk to recidivate because of his gang membership and unrelenting criminal history since the age of 14.  Id. at 16-17.  Defendant has not specifically shown how counsel could have more persuasively argued the issue or that if he had done so, the result of the sentencing likely would have been different.[10]

For the above reasons, the Court overrules defendant's request to assert amended claims of ineffective assistance of counsel.

**III.    Proposed Amended Claim Based On Dismissal Of Prior Obstruction Case**

As noted above, the Court assessed one criminal history point for defendant's pending case in Shawnee County, Kansas for obstructing legal process because defendant had pled no contest to that offense.  Recently, on May 1, 2015, the Shawnee County court dismissed the case and recalled the outstanding warrant.  See Order Of Dismissal, attached as App. A to defendant's Amendment (Doc. #41) filed June 8, 2015.  Defendant now seeks to amend his Section 2255 motion to assert a

---

[10]    Defendant has not alleged sufficient specific facts to show that counsel's performance was deficient or prejudicial based on his alleged conflict of interest and breach of the duty of loyalty and other general duties to defendant (Proposed Claims 10 and 11).

claim based on the dismissal of his prior conviction.  He asks the Court to correct the Presentence

Investigation Report, reduce his total criminal history points from 10 to 9 and re-sentence him using

a criminal history category IV instead of category V as the Court used at sentencing.

Initially, the Court overrules defendant's request to amend because he filed it after the one-

year deadline in 28 U.S.C. § 2255.  The Court recognizes that defendant filed his request shortly

after the state court dismissed his prior case, but he has not shown that he pursued a collateral attack

in the state court proceeding with "due diligence."  Johnson v. United States, 544 U.S. 295, 298

(2005) (petitioner may only take advantage of exception if he sought vacatur of predicate conviction

with due diligence in state court, after entry of judgment in federal case with enhanced sentence).

Defendant apparently asserts that his claim is timely because he is actually innocent of the higher

criminal history category classification.  See Amendment (Doc. #41) at 9.  The Tenth Circuit has

held, however, that a defendant cannot be actually innocent of a noncapital sentence.  See United

States v. Angulo-Lopez, 575 F. App'x 827, 829 (10th Cir. 2014); Laurson v. Leyba, 507 F.3d 1230,

1233 (10th Cir. 2012); Collins v. Ledezma, 400 F. App'x 375, 376 (10th Cir. 2010); United States

v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (to satisfy "fundamental miscarriage of justice"

exception, defendant must show innocence of offense for which he was convicted, not innocence

of higher sentence).

Even if defendant's claim related to the dismissal of his state case was timely, the Court

would deny relief.  Defendant does not assert a constitutional claim, but one related to the Court's

application of the sentencing guidelines.  See United States v. Hodge, 534 F. App'x 771, 776 (10th

Cir. 2013) (claim that federal sentence based in part on state conviction dismissed on non-

constitutional grounds is non-constitutional claim based on construction and application of

guidelines); see also United States v. Weathersby, 550 F. App'x 672, 673 (10th Cir. 2014) (non-

constitutional claim that court misapplied guidelines by declining to resentence defendant after prior convictions expunged could not support issuance of certificate of appealability); United States v. Christensen, 456 F.3d 1205, 1206 (10th Cir. 2006) (no authority to grant certificate of appealability on Section 2255 claim which involved non-constitutional claim under Armed Career Criminal Act, 18 U.S.C. § 924).   Section 2255(a) generally authorizes the Court to grant relief in four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Here, defendant has not shown why the prosecution in the state court case asked to dismiss it.  In addition, he has not alleged any constitutional infirmity in the state court case.  Accordingly, defendant's non-constitutional challenge to his criminal history calculation falls under the fourth prong of Section 2255(a), i.e. a sentence that is otherwise subject to collateral attack.  Cuevas v. United States, 778 F.3d 267, 270-72 (1st Cir. 2015).

Claims under the fourth prong of Section 2255(a) are only permitted if the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice" or presents "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see Cuevas, 778 F.3d at 272.  Here, defendant has not shown a "complete miscarriage of justice" or "exceptional circumstances" related to the dismissal of the state court charges.  As noted, he has not shown why the prosecution in the state court case asked to dismiss it and the order of dismissal does not specify the reasons behind the request.  Cf. Cuevas, 778 F.3d at 269 ("exceptional circumstances" where prior conviction vacated because government chemist had falsified certificates of drug analysis and contaminated negative samples so they would test

positive).  The prosecution very well may have dismissed the state case based on the length of the sentence in this case.  The dismissal of the state case in those circumstances would not suggest that the Court should reduce defendant's sentence in this case.  Because the Court varied upward from the relevant guideline range, defendant also has not shown a miscarriage of justice or exceptional circumstances.  The Court found that a sentence within the range of 70 to 87 months (based on total offense level 21, Criminal History Category V) was insufficient to satisfy the sentencing objectives under Section 3553(a).  Nothing in the record suggests that after balancing the Section 3553(a) factors, the Court would have imposed a different sentence if the guideline range had been 57 to 71 months based on the change of criminal history category from V to IV.[11]  For these reasons, the Court finds that defendant has not shown a "complete miscarriage of justice" or "exceptional circumstances" related to the dismissal of the state court case.  The Court therefore overrules defendant's request to amend his Section 2255 motion based on the dismissal of the state court case.

### Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief.  Accordingly, no evidentiary hearing is required.  See 28 U.S.C. § 2255; United States v. Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by

---

[11]      The Court recognizes that even though advisory, the properly calculated guideline range remains the "lodestone of sentencing."  Peugh v. United States, 133 S. Ct. 2072, 2084 (2013). While a change or error in the calculation of a guideline range generally can justify a new sentencing, the question here is whether this particular defendant has shown a miscarriage of justice or exceptional circumstances based on the hypothetical reduction in his guideline range.

Section 2255 petition on record); <u>United States v. Barboa</u>, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[12] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Saiz v. Ortiz</u>, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## Motion To Correct Clerical Error (Doc. #42)

Defendant asks the Court to correct the "clerical error" in the presentence report based on the dismissal of the Shawnee County case for obstructing legal process. As noted, at the time of sentencing, the Court properly included the pending case and assessed one criminal history point. <u>See</u> U.S.S.G. § 4A1.2(a)(4) (where defendant convicted of offense but not yet sentenced, such conviction shall be counted as prior sentence if sentence resulting from that conviction otherwise would be countable). Rule 36, Fed. R. Crim. P., authorizes the Court at any time to correct a "clerical error in a judgment, order, or other part of the record, or correct an error in the record

---

[12] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. <u>See</u> Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Case 2:11-cr-20051-KHV   Document 45   Filed 09/30/15   Page 21 of 22


arising from oversight or omission." Rule 36 does not permit the Court to correct non-clerical errors in the presentence report.  See United States v. Long, 419 F. App'x 845, 848 (10th Cir. 2011) (Rule 36 cannot be used to challenge drug quantity in PSR); United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010)  (Rule 36 motions apply to clerical errors only; not proper vehicle to challenge substance of presentence report); United States v. Simon, 36 F. App'x 415, 416 (10th Cir. 2002) (same).  Under Rule 32(f), Fed. R. Crim. P., defendant had 14 days to raise such objections. Defendant cannot use Rule 36 as a back door to evade the deadline of Rule 32 or any obstacles under 28 U.S.C. § 2255.  See Long, 419 F. App'x at 848 (defendant cannot escape strictures of Rule 32 by relying on Rule 36); Wilkes, 376 F. App'x at 296 (substantive challenge to PSR must be made within deadline of Rule 32); United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR).  For these reasons, the Court overrules defendant's Rule 36 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct A Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255 (Doc. #30) filed November 19, 2012 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Memorandum Of Law (Doc. #40) filed June 8, 2015, which the Court also construes as a motion to amend his Section 2255 motion, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion For Correction Of Clerical Error In The Presentence Report's ¶ 37 Inclusion Of Case No. 11CR455 As A "Conviction" Pursuant To Fed. R. Crim. P. 36 (Doc. #42) filed June 8, 2015 be and hereby is **OVERRULED**.

Dated this 30th day of September, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge